**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TODD SHARTZER, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 09-167-JHP-SPS |
| STATE OF OKLAHOMA, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma, has filed this purported class action civil rights complaint, pursuant to 42 U.S.C. § 1983, seeking injunctive relief with respect to Oklahoma's sentencing statutes. The proposed class consists of all persons "[w]ho are now, or in the future will be, incarcerated in the Oklahoma Department of Corrections Prison System for the State of Oklahoma" [Docket #1 at 2].

Courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Although plaintiff, a pro se litigant, has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g.*, *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978).

After a review of the complaint, the court finds plaintiff cannot "fairly and adequately

protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Therefore, plaintiff is granted leave to file a proper amended complaint on behalf of himself only. The Court Clerk is directed to send plaintiff the court's form for filing a proper amended complaint.

Plaintiff also requests the appointment of counsel in this action. Because he will not be permitted to proceed with a class action, the court will consider the request for appointment of counsel for plaintiff individually. Plaintiff bears the burden of convincing the court that his claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The court has carefully reviewed the merits of plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

**ACCORDINGLY,** plaintiff may not proceed with this lawsuit as a class action. He is directed to file a proper amended complaint for his personal claims within fifteen (15) days. Failure to file a proper amended complaint as directed will result in dismissal of this action. Furthermore, plaintiff's request for appointment of counsel is DENIED.

**IT IS SO ORDERED** this 23rd day of June 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma