# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TODD M. SHARTZER, )
)
             Plaintiff, )
)
v. ) No. CIV 09-167-JHP-SPS
)
STATE OF OKLAHOMA, et al., )
)
             Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration plaintiff's amended complaint, the defendants' motion, and plaintiff's response. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at the Jackie Brannon Correctional Center in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. He is seeking resentencing under the applicable Truth in Sentencing Matrix, with credit for time served. The defendants are the State of Oklahoma, Oklahoma Governor Brad Henry, and Oklahoma Attorney General Drew Edmondson.[1]

Plaintiff alleges he was sentenced under Oklahoma's Truth in Sentencing law, but the law violates his equal protection rights under the Fourteenth Amendment, because offenders can have different sentences for the same crime. He also complains that the State of

---

[1] Plaintiff's original complaint [Docket #1] named eight state officials and the State of Oklahoma as defendants. His amended complaint [Docket #8], which superseded the original complaint, *see Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991), named only the State of Oklahoma, Governor Henry, and Attorney General Edmondson as defendants. Plaintiff has not served the State of Oklahoma.

Oklahoma received grants for Truth in Sentencing that were used for other purposes, and the Truth in Sentencing law has a disparate effect on the poor. The defendants allege the case fails under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), and plaintiff has not sued anyone with the authority to give him the relief requested. The defendants also maintain plaintiff has completely failed to show that Oklahoma's laws are unconstitutional.

The court has carefully reviewed the record and construed plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent plaintiff requests equitable relief in the form of release from confinement, however, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Therefore, the court finds plaintiff has failed to state a claim upon which relief can be granted.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #42] is GRANTED, and this action is, in all respects, DISMISSED for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this 23rd day of September 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma